IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JASPER L. DOCKERY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:08-cv-806-PLF |
| ) | |
| U.S. DEPARTMENT OF TREASURY ) | |
| INTERNAL REVENUE SERVICE (IRS), ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

DEFENDANTS move under Fed. R. Civ. P. 12(b), to dismiss plaintiff's complaint. As grounds for this motion, defendants submit that the defendants are not proper parties, plaintiff has failed to state a claim for damages under 26 U.S.C. § 7433, and this Court lacks subject-matter jurisdiction over his claims for punitive damages and damages for infliction of emotional distress. A memorandum of points and authorities in support of this motion and a proposed order are also submitted.

DATE: August 6, 2008.                  Respectfully submitted,

                                                         /s/ Pat S. Genis
                                                PAT S. GENIS, #446244
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Post Office Box 227
                                                Washington, DC  20044
                                                Tel./FAX:  (202) 307-6390/614-6866
                                                Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3488567.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JASPER L. DOCKERY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 1:08-cv-806-PLF |
| | ) |
| U.S. DEPARTMENT OF TREASURY | ) |
| INTERNAL REVENUE SERVICE (IRS), | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT

This is a civil action in which plaintiff alleges that the Internal Revenue Service issued levies and seized money from his bank accounts.

QUESTIONS PRESENTED

1. Plaintiff names the Department of the Treasury and the Internal Revenue Service as party defendants. Neither can be sued *eo nomine* for actions related to the collection of taxes. Should the Court dismiss them as party defendants?

2. Plaintiff has failed to state a claim for damages under 26 U.S.C. § 7433. Should the Court dismiss his complaint?

3. Plaintiff seeks $75,000 in punitive damages and $75,000 for emotional distress. The United States has not waived its sovereign immunity to permit punitive damages and damages for emotional distress. Does this Court lack jurisdiction over plaintiff's claim for these damages?

STATEMENT

1. <u>Introduction & Background</u>. Plaintiff, Jasper L. Dockery, filed this complaint May 12, 2008.

2. <u>Allegations and relief sought in the complaint</u>. Plaintiff's complaint consists of 8 "counts," on pages 12-18, which allege that the Internal Revenue Service's levies on his bank accounts violated his 4th and 5th Amendment rights (counts 7, 1, 2); inflicted emotional distress (counts 3 & 8); was negligent (counts 4 & 5); and violated his right to solitude (count 6).<u>1</u>/ Plaintiff seeks compensatory damages of $50,000 and punitive damages and damages for the infliction of emotional distress of $75,000, respectively. (Compl. p. 18.)

Plaintiff alleges that the Internal Revenue Service served levies on his accounts at Chevy Chase Bank on January 8, 2003 and December 4, 2006, pursuant to which the Internal Revenue Service received $4,679.27 and $1,952.06, respectively. (Compl. ¶ 2.) The January 8, 2003 and December 4, 2006 notices of levy indicate that the levies were for 1994 and 2001 federal income taxes, respectively. (Compl. exs. 10, 14.) Plaintiff

---

<u>1</u>/ Plaintiff's claims under the constitution must be dismissed because the United States has not waived its sovereign immunity to allow for money damages under the constitution. *See, e.g., McKean v. United States*, 2008 WL 2573274, *3 (D.D.C. 2008), citing *Jackson v. Bush*, 448 F.Supp.2d 198, 200 (D.D.C. 2006). Thus, this Court lacks subject-matter jurisdiction over plaintiff's constitutional claims. *Id*. Plaintiff also asserts that this Court has jurisdiction under various statutes, including the Federal Tort Claims Act. (Compl. p.2). But the exclusivity provision of section 7433 bars claims for damages under any other provision. *See Pollinger v. United States*, 539 F.Supp.2d 242, 252 (D.D.C. 2008). Accordingly, this Court does not have jurisdiction over plaintiff's claims for damages under any statute other than section 7433.

claims the seizures were improper because he has had no taxable income since his incarceration on February 6, 1996. (Compl. ¶ 24.) He asserts that the money the Internal Revenue Service seized was not income, but was a non-taxable award for physical damages he received from an assault by a DC Prison staff. (Compl. ¶ 32.)

ARGUMENT

I

NEITHER THE DEPARTMENT OF THE TREASURY OR THE INTERNAL REVENUE SERVICE IS A PROPER PARTY

The complaint names the "U.S. Department of Treasury Internal Revenue Service (IRS)" as party defendants. (Compl. ¶ 4.) Both named defendants must be dismissed because Congress has not explicitly or implicitly authorized the Department of the Treasury or the Internal Revenue Service to sue or be sued in its own name in a suit for the recovery of Federal taxes. *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). "When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language or impliedly because the agency is the offspring of such a suable entity." *Id*. No broad waiver of sovereign immunity applies to the Treasury Department or the Internal Revenue Service. *See Castleberry v. Alcohol, Tobacco & Firearms Div. of Treasury Dept.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976). The Department of the Treasury and Internal Revenue Service cannot be sued *eo nomine* in this Court. *Murphy v. United States*, 460 F.3d 79, 82 (D.C. 2006); *Baumohl v. Columbia Jewelry Co. of Annapolis*, 127 F.Supp. 865, 866 (D. Md. 1955); *Richmond v. United States*, 1986 WL 5995, *1, 57 A.F.T.R.2d (RIA) 992, 1986-1 U.S. Tax Cas. (CCH) ¶ 9239 (N.D. Fla. 1986); *Bramble v. Internal Revenue Service*,

3488567.1                                              3

1982 WL 201104, *1 (E.D. NY 1982).  Because the Department of the Treasury and Internal Revenue Service cannot be the subject to a suit, they must be dismissed as party defendants in this action.2/

II.

PLAINTIFF HAS NOT STATED A CLAIM UNDER SECTION 7433

Plaintiff has not stated a claim under 26 U.S.C. § 7433.  Section 7433 authorizes a suit for damages where there has been an unauthorized collection of taxes.  26 U.S.C. § 7433(a).  Section 7433 authorizes damages for wrongful *collection* activities only.  *See, e.g., Buaiz v. United States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed section 6672 liability was an error in assessment and not collection and therefore irrelevant to section

---

2/     The United States is the proper party in this action.  A suit against the Internal Revenue Service relating to official tax assessment and collection duties, is essentially a suit against the United States; thus, the United States is the proper party-defendant in this case.  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *Zinda v. Johnson*, 463 F.Supp.2d 45, 48 (D.D.C. 2006).   In this case, plaintiff complains that the Internal Revenue Service levied against his bank accounts.  (Compl. ¶1.)  These were acts related to official tax collection duties, and all the relief sought is against the United States.  Accordingly, plaintiff's complaint is really an action against the United States.  Therefore, this Court should dismiss the Department of the Treasury and the Internal Revenue Service and substitute the United States as the proper party defendant.

7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (assertion of improper assessment of tax liability is insufficient for section 7433 claim).

In this case, plaintiff asserts that the Internal Revenue Service improperly served levies and seized money from his bank accounts because he does not owe any federal income taxes. (Compl. ¶¶ 24, 28.) Plaintiff's claim that he had no taxable income since 1996 constitutes a claim of improper *assessment*, not unauthorized *collection*. Accordingly, his claim is not cognizable under section 7433, and must be dismissed.3/

### III.

### THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES AND DAMAGES FOR INFLICTION OF EMOTIONAL DISTRESS

"It is axiomatic that the government cannot be sued without its consent." *Speelman v. United States*, 461 F.Supp.2d 71, 75 (D.D.C. 2006). "Absent waiver, the doctrine of sovereign immunity shields the federal government from suit." *Tri-State Hospital Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003). Plaintiff seeks

---

3/ It also appears that plaintiff's complaint is untimely with respect to the October 10, 2003 levy. Section 7433 requires that a complaint must be brought within two years after the date the right of action accrued. 26 U.S.C. § 7433(d)(3); *see generally* 26 U.S.C. § 6511; *see also, Mondie v. Internal Revenue Service*, 185 Fed. Appx. 1, *1 (D.C. 2996), citing *United States v. Dalm*, 494 U.S. 596, 608-610 (1990).

Also, plaintiff has not asked for a tax refund, but it appears that such a claim would be futile. This Court does not have subject-matter jurisdiction because plaintiff has not fully paid the taxes as required under section 7422. *See* 26 U.S.C. 7422; *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund). And, plaintiff's claim for a refund of 1994 taxes would be untimely, again depriving this Court of jurisdiction.

$75,000 in punitive damages and $75,000 for infliction of emotional distress. (Compl. 18.) Because the proper defendant is the United States, plaintiff is seeking these damages from the federal government. Plaintiff's sole remedy for his claim for damages is a suit for damages for unlawful collection acts under 26 U.S.C. § 7433. This statute does not provide a remedy for punitive damages or damages for emotional distress, but only for compensatory damages up to a specified amount. *See Speelman*, 461 F.Supp.2d at 75 (punitive damages not cognizable under section 7433); *Fu v. United States*, 2006 WL 3780814, *3 (D.D.C. 2006) (same) (citing *First Virginia Bank v. Randolph*, 110 F.3d 75, 78 (D.C. Cir. 1997)); *Gass v. United States Dep't of Treas.*, 1999 WL 250890 (D. Colo. 1999) (emotional distress damages not cognizable under section 7433). Without a waiver of sovereign immunity, the Court lacks subject-matter jurisdiction over plaintiff's claim for punitive damages and damages for emotional distress against the United States. *Id*. Accordingly, the Court should dismiss plaintiff's claim for these damages.

/
/
/
/
/
/
/

CONCLUSION

Neither the Department of Treasury nor the Internal Revenue Service is a proper party defendant. In addition plaintiff has failed to show that he has stated a claim under section 7433. And section 7433 does not provide for punitive damages and damages for infliction of emotional distress. Accordingly, this Court should dismiss plaintiff's complaint.

DATE: August 6, 2008.                    Respectfully submitted,

                                                       /s/ Pat S. Genis
                                                       PAT S. GENIS, #446244
                                                       Trial Attorney, Tax Division
                                                       U.S. Department of Justice
                                                       Post Office Box 227
                                                       Washington, DC  20044
                                                       Tel./FAX:  (202) 307-6390/614-6866
                                                       Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

    IT IS CERTIFIED that on August 6, 2008, defendants' MOTION TO DISMISS COMPLAINT and proposed ORDER were filed in accordance with the Court's CM/ECF procedures and served upon plaintiff *pro se* by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Jasper Lloyd Dockery
> Plaintiff *pro se*
> No. 39631-053
> Pollock United States Penitentiary
> U.S. Penitentiary
> P.O. Box 2099
> Pollock, LA 71467

        /s/ Pat S. Genis
        PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JASPER L. DOCKERY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:08-cv-806-PLF |
| ) | |
| U.S. DEPARTMENT OF TREASURY ) | |
| INTERNAL REVENUE SERVICE (IRS), ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Having considered defendants' motion to dismiss the complaint and memorandum in support thereof, any oppositions and replies thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2008, at Washington, District of Columbia,

ORDERED that defendants' motion to dismiss be and is GRANTED;

ORDERED that plaintiff's complaint be and is DISMISSED; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Email: pat.genis@usdoj.gov

Jasper Lloyd Dockery
Plaintiff *pro se*
No. 39631-053
Pollock United States Penitentiary
U.S. Penitentiary
P.O. Box 2099
Pollock, LA 71467