IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

RECEIVED

SEP - 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JASPER L. DOCKERY

       Plaintiff,        *

     v. .

US DEPARTMENT OF TREASURY    *   No: 1:08-cv-806-(PLF)
INTERNAL REVENUE SERVICES(IRS)

       Defendants.     *

## PLAINTIFF'S MOTION OPPOSING DISMISSAL OF COMPLAINT

Plaintiff move under Fed.R.Civ.P. 12, and 8, opposing
defendants' motion asking for dismissal of complaint. As grounds
for this responsive motion, plaintiff asserts that defendants
are proper parties, to which he has stated a claim for damages
under 28 U.S.C. § 1346 and this court has had subject-matter
jurisdiction over his claims. [See Pl, compl at Pp. 2.] And to
enforce his rights, he invoked 28 USCS § 1346(a)(1)[28 USCS §
1346(a)(1)], which waives the Government's sovereign immunity
from suit by authorizing Federal court to adjudicate "[a]ny
civil action against the United States for the recovery of any
internal-revenue tax allegedly to have been erroneously or
illegally assessed and/or collected."

In addition plaintiff's invoke Title 26 USCA § 7433 it
permits the recovery of damages from an Officer or employee
of the IRS who recklessly or intentionally, or by reason of
negligence disregards the tax law or regulations. [See Pl
compl at Pp. 1, and 14]   .  .  Such damages are limited

to "actual, direct, economical damages sustained by the plaintiff as a proximately result of the reckless or intentional or negligent action of the Officer or employee" of the IRS. **26 USCA § 7433.** Dismissal is not warranted simply because Plaintiff may fails to cite statute or common law basis for defendant's . . . liability; instead, courts are under duties to examine whether any legal theory exists for recovery. INNOVATION V. QUANTUM TECH Inc. (1984 ND Ohio) 597 f.Supp. 983.

This case is a civil Action which plaintiff complaint that the Internal Revenue Service issue levies and unlawfully confiscate money/property from his bank account.

## THE FOLLOWING QUESTIONS PRESENTED

Plaintiff name the Department of Treasury and Internal Revenue Services as party defendants. 1. Is a suit against the IRS is one against the United States?

2. Although the plaintiff name the IRS as defendants in his complaint, should the court treat this action as a suit against the United States?

3. Is a suit against an Official of the Federal Government in the Officer's Offical capacity is to be considered a suit against the United States?

4. Is an "Official Capicity suit generally represent only another way of pleading an action against an entity of which an Officer is an Agent?"

2.

5.   And should the claim be dismissed on the basis that defendants IRS is not  proper parties, rather, the United States shall be substitute as party defendant for the IRS and/or Treasury?

Plaintiff's opposed defendant's motion for the following reason on page 2-3 note 1, infra consel states Plaintiff's claims under the Constitution must be dismissed[1] because United States has not waived its sovereign immunity to allow for money damages under the constitution.

## ARGUMENT

### A SUIT  AGAINST THE IRS IS ONE AGAINSR THE UNITED STATES IS PROPER PARTY

This complaint named the U.S. Department Of Treasuary Internal Revenue Service(IRS) as party defendant(compl at ¶4) both named shall be substitute the United States as the proper party defendant. (Jones V. IRS 216 F.SUPP.2d at 958(D Neb.2002);(Zinda v. Johnson 463 F.Supp.2d at 48(D.D.C.2006).

A suit against an Official of the Federal Government in the

---

[1]This court has jurisdiction to intervene under the due process claim because the acts plaintiff complained of was so arbitrary as to constrain to the conclusion that defendants IRS Agents and/or its Officers were not acting under exertion of taxation but rather a confiscation of Dockery's money-property that were takin in violation of the Fifth Amendment or what is equivalent . . thereto was so wanting in basis for classification as to produce gross and patent inequality as to inevitably lead to the same conclusion. See MURPHY v. IRS 362 F.Supp.2d 216(D.D.C. 2005) citeing BRUSHABER V. UNION PAC. RR, 204 U.S. 1, 24-25, 36 S.Ct. 236, 60 LED 493(1916).

Officer's Official capacity is considered a suit against the United States. 216 F.Supp. 2d at 958. An Official capacity suit generally represent only another way of pleading an action against an entity of which an Officer is an Agent. 216 f.Supp.2d at 958. [See also def's motion to dismiss at Pp. 4 note 2 infra].

Plaintiff claim is cognizable under section 7433 and shall not be dismissed2 [See def's motion at Pp. 5 note 3 infra]

### COURT HAS SUBJECT MATTER JURISDICTION.

This court has subject-matter-jurisdiction over plaintiff's claim. Count three states violation of intentional tort.(26 USC § 7433(a) and (b); inconjunction 28 U.S.C. § 1346(b)(1)). [Pl, compl. count 3, Pp. 13, ¶ 54 and 48]. Jones V. IRS 216 F.Supp.2d at 959. even if action could construed to involve injury or loss not re-lated to assessment or collection of tax, plaintiff did not com-pliance with Administrative claim requirement, under FTCA. See 28 USC § 2675(a). Dockery did exhaust his Administrative claim. That is why he cite within meaning of FTCA Act.

---

2The continual violation exception doctrine is invoked herein when his claim states that wrongful act occured during the statute of limitations but includes other wrongful acts that occurring outside the statute of limitation. See Felter V. Norton 412 f. Supp.2d 125(D.D.C. 2006) [See Pl compl at Pp. 4-5 ¶ 4 and 6].

Carter V. District of Columbia 14 F.Supp.2d 100 (D.D.C. 1998) continual violation is establish by "repeated often or a series of related acts" one or more which falls within limitation period.[see Dockery attachment exh A, Pp. 4, ¶ 3-3 Dockery invoke return of money wrongfully levies about 1/8/03; and 12/4/06] See 412 F.Supp.2d 126. See compl attachment dated 5/19/07. release of levy and notice of release mark ex A, annex to A, is exh 94, and exh 3. is two distinct wrongful act.

4.

This court has subject-matter jurisdiction over count four violation of negligence tort. **[28 USC §2671]**; and count five un-intentional negligence tort. **[28 USC §2671].**

28 USC § 2671, states in part, (definitions); as used in this chapter and sections 1346(b) and 2401(b) of this title the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, inde-pendent establishments of the United States, and corporations prim-arily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States. . . An "employee of the Government" includes **inter alios** officers or em-ployees of any federal agency, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States. [See 28 USC 1364(a)and (b)] See also Murphy v. IRS 362 F.Supp.2d 211 quoting 28 U.S.C. § 1346 (1997); United States V. Williams, 514 U.S. 527, 532, 115 S.Ct. 1611, 131 L.Ed.2d 608(1995) Jurisdiction over the United States in federal taxation case was extended to administrative agencies in 1973. **5 U.S.C. § 703(1973).** The revised statute states that an action for judical review may be brought against the United States the agency by its official title, or the appropriate officer¨ and that such action is subject to judicial review in civil . . . pro-ceedings for judicial enforcement. 5 USC § 703 changed the state of law under Blackmar v. Guerre, 342 U.S. 512, 515, 72 S. Ct. 410. 96 L.Ed. 534(1952) Anministrative agencies could not sue or be sued unless Congress authorized the particularly agency as party

to the suit. Baumohl v. Columbia Jewelry Co. 127 F.Supp. 865
(D.Md.1955); O'Connel v. IRS, 93 A.F.TR.2d(RIA) 1841; M & M
Transp. Co. v. U.S. Industries, Inc., 416 F.Supp. 865(1976).

### PLAINTIFF NOT REQUIRE TO PAY TAXES NOT OWED FIRST.

Levied against Dockery's bank account  wrongfully, shall
not be construed to be taxpayer's failure to comply with 28 USC
§ 1346(a) by first paying disputed tax  because(defendants will
be able to circumvent their wrongful conduct by always imposed
huge sum of taxes not owed against their adversary) to determine
whether § 104(a)(2) applies, a taxpayer must satisfy the two . .
prong test established in Commissioner V. Schieler 515 U.S. 323
336-37, 115 S.Ct. 2159 132 L Ed.2d 294(1995);quoting from Murphy
V. IRS 362 F.Supp. 2d at 214(D.D.C.2005).) First prong requires
taxpayer to establish that damages were received through "tort
or tort-like" action. Id at 335, 115, S.Ct. 2159; Burke 504 U.S.
at 237, 112 S.Ct. 1867. The second prong requires only the tax-
payer to establisg a damages received "on account of personal
injury". Schleier, 515 U.S. at 336, 115 SCt. 2159. And the
96 revision to § 104(a)(2) add additional requirement that
injuries be physicial in nature. 236 F.Supp.2d at 214. Thus
Plaintiff is a prisoner without funds unowed to satisfy IRS
Wrongful demand full unowed payment of taxes only to circum-
vent its wrongful action., said Dockery.

### COMPENSATORY DAMAGES

Plaintiff is seeking $ 300,000.00 compensatory damages

against defendants, because defendants confiscate his money twice, he was unable to pay for court filing fee causation for him to be unable to prosecute his Appeal 07cv00318 Sept Term 2007, No.07-5415. in the United States Court Of Appeal For The District Of Columbia. [Submit herewith Order of dismissal filed June 10, 2008 mark ech 1.] Letter from Mid-Atlantic Innocent Project dated June 11, 2008, states in part, it is simply a product of our limited resources, we will be unable to accept your case for investigation. Plaintiff asserts the money that IRS confiscated he could have used it as proposal to the innocent project to assist him in even partial investigation. [See letter from Mid-Atlantic mark exh-2]. See Boyd v. O'Neill, 273 F.Supp.2d 97(D.D.C.2003) Compensatory damages are limited under Title V11. Section 1981a(b)(3) caps the amount of compensatory damages a plaintiff may received based on number of people defendant employs. In any event, the total amount may not exceed $300,000.00, regardless of the number of claims made in particular lawsuit. Fogg v. Ashcroft, 254 F.3d 103, 106 (D.C.Cir.2001).

### PLAINTIFF'S CONCEDE CONSTITUTIONAL, EMOTIONAL, AND PUNITIVE CLAIMS.

Plaintiff concede that this court lacks subject-matter over his constitutional, emotional, and punitive clames.

### CONCLUSION

WHEREFORE, For the above stated reason plaintiff request that the court grant his motion for compensatory damages

7.

of $300,000.00. on the basis of injuries he sustain from the evidence in the record of this case. And any other relief as this court deem proper and just.

## THE CHALLENGE TO LEGAL LEXICOGRAPHY

1607: "[I]f I have ommitted any hard word within my Circuit or set it down not expounded, I give you good leave to impute the one to my negligence, the other to mine ignorance: and so commend these my paines to your best profit, and you unto God" [Jon Cowell the interpreter 5(1607).

By: _[signature]_
Jasper L. Dockery
#39631-053
P.O. Box 2099
Pollock LA 71467
United States Penitentiary

8/21/08

## CERTIFICATE OF SERVICES

It is certified that on August 21/2008, Plaintiff served responsive opposition motion on defendants at the following address below:

Pat S. Genis
Attorney for defendants
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044.

By: _[signature]_
Jasper Dockery
#39631-053
United States Prison
P.O. Box 2099
Pollock LA 71467                    8/21/08

8.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASPER DOCKERY

   Plaintiff,    *

           * NO: 1:08-cv-806-(PLF)

V.          *

           *

U.S. DEPARTMENT OF TREASURY
INTERNAL REVENUE SERVICES(IRS) *

   Defendants.   *

AFFIDAVIT OF PLAINTIFF IN SUPPORT OF MOTION FOR
COMPENSATORY DAMAGES

  JASPER DOCKERY, being duly sworn deposes and says:

  He is the plaintiff in the above caption case, and he make this affidavit in support of his motion for judgment on the pleading, relating to compensatory damages as state in his responsive motion. That he has incurred the following debt:

  1. Filing fee index No: 97-cv-3584(pre paid) United States District Court For Eastern District Of New York.

  2. Filing fee index No: 06-cv-4936(pre paid) United States District Court for Eastern District Of New York.

  3. Filing fee index No: 06-cv-4966(pre paid) United States District Court for Southern District of New York.

  4. Filing fee index No: 1:08-cv-806-(PLF) United States District Court for District of Columbia(pre paid).

  5. Filing fee index No: 070318(pre paid) United States District Court for District of Columbia. And

  6. D.C. Superior Court fines index No:F-536-96; and F153-96. "These listed fines above are [obligations] of pre paid money Plaintiff has to meet, and financially unable to pay filing fee in the matter of exh 1." That was

2 of 2

dismissed for unable to pay the $455.00 docketing and filing
fees to the Clerk of the District Court, and he was unable to
file motion in district court for leave to proceed on appeal in
forma pauperis (pre paid).

7. Exh 2, attachment is correspondence from Mid-Atlantic
Innocent Project, stating its limited resources may prevented
them from investigate my case. The money IRS Wrongful confiscated
is a direct result from this injury.

8. Exh 3, attachment is responsive letter from New York
State Attorney General indicate Plaintiff should consult with
attorney. The money IRS wrongly confiscated were direct result
of him not being able to retained counsel.

9. Exh 4, attachment is responsive letter from Counsel sought
retainer of $1,000.00 in matter of plaintiff's real-property that
have been unlawfully conveyed. The money IRS unlawful seized is *
actual, direct economical damages sustained by plaintiff as a proxi-
mate result for the reckless or intentional or negligent action of
the Officers or employee, complained of herein. And he was deprive
access of such funds.

Plaintiff swore under penalty of perjury (28 U.S.C. § 1746)

that the money IRS confiscated were direct economical damages he

sustained as appriximate result of intentional and reckless or

negligent action. And such action resulting injuries he complained

of herein above.

By: _Jasper Dockery_
JASper Dockery
#39631-053
United States Penitentiary
P.O. Box 2099
Pollock LA 71467.                    8/21/08.

### EXHIBIT "1"

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5415**

**September Term 2007**

**07cv00318**

**Filed On: June 10, 2008** [1120915]

Jasper Lloyd Dockery,

    Appellant

    v.

Michael B. Mukasey, Attorney General,

    Appellee



## O R D E R

By order filed April 14, 2008, appellant was to either pay the $455.00 appellate docketing and filing fees to the Clerk of the District Court, or file a motion in district court for leave to proceed on appeal in forma pauperis, and submit certain submissions to this court, by May 14, 2008.  The order was sent to appellant by warden letter.  To date, appellant has not complied with the court's April 14, 2008 order.  Upon consideration of the foregoing, it is

**ORDERED** that this case be dismissed for lack of prosecution. <u>See</u> D.C. Cir. Rule 38.

The Clerk is directed to issue the mandate in this case by July 25, 2008.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
     Elizabeth V. Scott
     Deputy Clerk

# United States Court of Appeals [exhibit 1]
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

## No. 07-5415

## September Term, 2007

### 07cv00318

Filed On:

Jasper Lloyd Dockery,
        Appellant

   v.

Michael B. Mukasey, Attorney General,
        Appellee



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    FEB 1 3 2008

**CLERK**

## ORDER

Because appellant has not paid the appellate docketing fee in this case, it is

**ORDERED**, on the court's own motion, that by March 14, 2008, appellant either pay the $455.00 appellate docketing and filing fees to the Clerk of the District Court, see Fed. R. App. P. 3(e); 28 U.S.C. § 1917, or file a motion in district court for leave to proceed on appeal in forma pauperis, see Fed. R. App. P. 24(a), and submit to **this court** a completed Prison Trust Account Report and Consent to Collection of Fees. See Attachments.

Appellant must give the Trust Account Report form to the Trust Officer for each institution in which appellant has been confined during the six months preceding the filing of the notice of appeal. The Trust Officer must complete and sign the Trust Account Report and return the Report and supporting documents to appellant. Appellant must complete and sign the Consent to Collection of Fees and submit all the documents to the Clerk's Office, U.S. Court of Appeals for the District of Columbia Circuit.

A prisoner who has previously filed three or more civil actions or appeals that were dismissed by a federal court as frivolous, malicious, or for failure to state a claim is not eligible to proceed without prepayment of the full filing fee unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). If the court determines this provision bars appellant from proceeding without prepayment, appellant will be required to pay the full filing fee to the district court or the appeal will be subject to dismissal for failure to prosecute. See D.C. Cir. Rule 38.

**1 of 11**

# United States Court of Appeals [exhibit 1]
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

------

**No. 07-5415**                                     **September Term, 2007**

Appellant's failure to comply with any order of the court, including this order, will result in dismissal of the appeal for lack of prosecution. See D.C. Cir. Rule 38.

The Clerk is directed to send a copy of this order to appellant by whatever means necessary to ensure receipt.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: _Elizabeth Scott_

Elizabeth V. Scott
Deputy Clerk

Attachments:
(1)    Motion for Leave to Proceed on Appeal In Forma Pauperis
(2)    Prisoner Trust Account Report
(3)    Consent to Collection of Fees
(4)    Prison Litigation Reform Act Informational Letter

**2 of 11**

# United States Court of Appeals [exhibit 1]

FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

_____    USCA No. _____

v.

_____    USDC No. _____

## MOTION FOR LEAVE TO PROCEED
## ON APPEAL IN FORMA PAUPERIS

I, _____, declare that I am the

☐ appellant/petitioner  ☐ appellee/respondent in the above-entitled proceeding.  In

support of this motion to proceed on appeal without being required to prepay fees,

costs or give security therefor, I state that because of my poverty I am unable to prepay

the costs of said proceeding or to give security therefor.  My affidavit or sworn

statement is attached.  I believe I am entitled to relief.  The issues that I desire to
present on appeal/review are as follows: (*Provide a statement of the issues you will
present to the court.  You may continue on the other side of this sheet if necessary.*)

Signature _____

Name of *Pro Se* Litigant (PRINT) _____

Address _____

_____

Submit original with a certificate of service to:

> Clerk
> U.S. Court of Appeals for the D.C. Circuit
> 333 Constitution Avenue, N.W.
> Rm. 5423, E. Barrett Prettyman U.S. Courthouse
> Washington, DC 20001

## Affidavit Accompanying Motion for Leave
## to Proceed on Appeal in Forma Pauperis    [exhibit 1]

## United States Court of Appeals for the
## District of Columbia Circuit

_____

                                                        Case No. _____

                    v.

_____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Affidavit in Support of Motion**                        **Instructions**

I swear or affirm under penalty of perjury              Complete all questions in this application
that, because of my poverty, I cannot prepay            and then sign it.  Do not leave any blanks: if
the docket fees of my appeal or post a bond             the answer to a question is "0," "none," or
for them.  I believe I am entitled to redress.          "not applicable (N/A)," write in that
I swear or affirm under penalty of perjury              response. If you need more space to answer
under United States laws that my answers on             a question or to explain your answer, attach
this form are true and correct. (28 U.S.C. §            a separate sheet of paper identified with your
1746; 18 U.S.C. § 1621.)                                name, your case's docket number, and the
                                                        question number.

**Signed:** _____    **Date:** _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**My issues on appeal are:**

**4 of 11**

**[exhibit 1]**

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months.  Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $_____ | $_____ | $_____ | $_____ |
| Self-employment | $_____ | $_____ | $_____ | $_____ |
| Income from real property (such as rental income) | $_____ | $_____ | $_____ | $_____ |
| Interest and dividends | $_____ | $_____ | $_____ | $_____ |
| Gifts | $_____ | $_____ | $_____ | $_____ |
| Alimony | $_____ | $_____ | $_____ | $_____ |
| Child support | $_____ | $_____ | $_____ | $_____ |
| Retirement (such as social security, pensions, annuities, insurance) | $_____ | $_____ | $_____ | $_____ |
| Disability (such as social security, insurance payments) | $_____ | $_____ | $_____ | $_____ |
| Unemployment payments | $_____ | $_____ | $_____ | $_____ |
| Public-assistance (such as welfare) | $_____ | $_____ | $_____ | $_____ |
| Other (specify): _____ | $_____ | $_____ | $_____ | $_____ |
| Total monthly income: | $_____ | $_____ | $_____ | $_____ |

2. List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

4. How much cash do you and your spouse have? $_____

**[exhibit 1]**

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.**

5. List the assets, and their values, that you own or your spouse owns. Do not list clothing and ordinary household furnishings.

Home (Value)            Other real estate (Value)        Motor vehicle # 1 _____ (Value)
_____        _____        Make & year: _____
_____        _____        Model: _____
_____        _____        Registration #._____

Motor vehicle #2 _____ (Value)        Other Assets (Value)        Other Assets (Value)
Make & year_____                _____    _____
Model_____              _____    _____
Registration #: _____           _____    _____

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**6 of 11**

[USCADC Form 53a (Rev. Jan 1997, Jan 2003)]

[exhibit 1]

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semi-annually, or annually to show the monthly rate.

| | You | Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $_____ | $_____ |
|     Are real-estate taxes included? | [ ] Yes    [ ] No | |
|     Is property insurance included? | [ ] Yes    [ ] No | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $_____ | $_____ |
| Home maintenance (repairs and upkeep) | $_____ | $_____ |
| Food | $_____ | $_____ |
| Clothing | $_____ | $_____ |
| Laundry and dry-cleaning | $_____ | $_____ |
| Medical and dental expenses | $_____ | $_____ |
| Transportation (not including motor vehicle payments) | $_____ | $_____ |
| Recreation, entertainment, newspapers, magazines, etc. | $_____ | $_____ |
| Insurance (not deducted from wages or included in mortgage payments) | $_____ | $_____ |
|   Homeowner's or renter's | $_____ | $_____ |
|   Life | $_____ | $_____ |
|   Health | $_____ | $_____ |
|   Motor Vehicle | $_____ | $_____ |
|   Other: _____ | $_____ | $_____ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): _____ | $_____ | $_____ |
| Installment payments | $_____ | $_____ |
|   Motor Vehicle | $_____ | $_____ |
|   Credit card (name): _____ | $_____ | $_____ |
|   Department store (name): _____ | $_____ | $_____ |
|   Other: _____ | $_____ | $_____ |
| Alimony, maintenance, and support paid to others | $_____ | $_____ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $_____ | $_____ |
| Other (specify): _____ | $_____ | $_____ |
|     Total monthly expenses: | $_____ | $_____ |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

[ ] Yes    [ ] No    If yes, describe on an attached sheet.

10. Have you paid—or will you be paying—an attorney any money for services in connection with this case, including the completion of this form?

[ ] Yes    [ ] No

If yes, how much? $_____

If yes, state the attorney's name, address, and telephone number:

_____
_____
_____

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

[ ] Yes    [ ] No

If yes, how much? $_____

If yes, state the person's name, address, and telephone number:

_____
_____
_____

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

13. State the address of your legal residence.

_____
_____
_____

Your daytime phone number: (____) _____
Your age: _____ Your years of schooling: _____
Your social-security number: _____

United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**[exhibit 1]**

_____

## PRISONER TRUST ACCOUNT REPORT

Name: Jasper Lloyd Dockery, Fed. Reg. #39631-053

**TO:**      Trust Officer
**FROM:**   Clerk, U.S. Court of Appeals for the D.C. Circuit
**RE:**      No. 07-5415

Under the Prison Litigation Reform Act, a prisoner seeking to bring a civil action, or appeal a civil judgment, in forma pauperis must obtain from the Trust Officer of each institution in which the prisoner was confined during the six months preceding the filing of the notice of appeal, a certified copy of the prisoner's trust account statement for that period.  See 28 U.S.C. § 1915(a)(2).

Please complete this form, attach the supporting ledger sheets, and return these documents to the prisoner for mailing to the court in advance of March 14, 2008.

**DATE OF FILING NOTICE OF APPEAL:**          December 17, 2007

**Balance at time of filing of notice of appeal:**          _____

**AVERAGE MONTHLY DEPOSITS during the six months prior to filing of the notice of appeal:**          _____

**AVERAGE MONTHLY BALANCE during the six months prior to filing of the notice of appeal:**          _____

I certify under penalty of perjury that the above information accurately states the deposits and balances in the prisoner's trust account for the period shown and that the attached ledger sheets are true copies of account records maintained in the ordinary course of business.

DATE: _____

AUTHORIZED SIGNATURE: _____

TITLE: _____

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

[exhibit 1]

## PRISON LITIGATION REFORM ACT

Pursuant to the Prison Litigation Reform Act, prisoners filing appeals in Federal courts must fulfill certain requirements. The most significant restrictions relate to in forma pauperis status.

If you are appealing a decision of the district court and wish to proceed in *forma pauperis* ("IFP") in the court of appeals, you must first apply to the district court for such permission, even if you were granted IFP status for proceedings in district court. If the district court denies leave to appeal IFP, or if you are filing an original action in the court of appeals or seeking direct review of an administrative agency decision, you will need to apply to the court of appeals for leave to proceed IFP. Whether the district court has granted leave to appeal IFP or you are seeking IFP status from the court of appeals, you must submit to the court of appeals a certified copy of your trust fund account statement for the six-month period preceding the filing of the action in the court of appeals as well as a completed consent to collection of fees form.

Prisoners are required to pay the appropriate filing fee ($450 for an agency appeal, a petition for review from an agency decision, or an original action; or $455 for an appeal from the district court) even when proceeding IFP. If you are allowed to proceed IFP in the court of appeals but are unable to remit the entire fee at the outset of the action, the court will assess and, when funds exist, collect a initial partial filing fee of 20% of the greater of:

(1)    the average monthly deposits to your prison account; or
(2)    the average monthly balance in your prison account for the six-month period preceding the filing of the case.

Thereafter, you will be required to make monthly payments of 20% of the preceding month's income. The agency having custody of your account is required to forward payments from your account to the Clerk of the court each time the amount in your account exceeds $10.00 until the filing fee is paid. You might be required to pay the appropriate filing fee in full, even if the action is concluded prior to the collection of the entire fee.

Unless a prisoner is in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal IFP "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or failed to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

**MID-ATLANTIC**
**INNOCENCE**
**PROJECT**

**EXHIBIT "2"**

June 11, 2008

Jasper Dockery #39631-053
USP Pollock
P.O. Box 2099
Pollock, Louisiana  71467

Dear Mr. Dockery:

Thank you for giving us the opportunity to review your case. After thorough consideration by the law students and attorneys on our staff, we have unfortunately concluded that we will be unable to accept your case for investigation. We know that this is not the response you were hoping for, and we are very sorry. Please know that our decision does not necessarily reflect our impression that you are not innocent or that you do not deserve exoneration. In many cases, it is simply a product of our limited resources or of the kinds of evidence that might or might not be available in your type of case.

We are enclosing your legal documents in case you have a need for them in the future.

We wish you the very best in your effort to find justice.

Sincerely,

Elizabeth P. Raman
Assistant Director

4801 Massachusetts Ave., NW
Washington, DC 20016

(202) 274-4199
(202) 274-4226 (fax)

www.midatlanticip.org



**EXHIBIT "3"**

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

EXECUTIVE OFFICE

August 7, 2008

Jasper Dockery, 39631053
United States Penitentiary
P.O. Box 2099
Pollock, CA 71467

Dear Mr. Dockery:

I am in receipt of your correspondence to the Attorney General. This office does not have jurisdiction in this matter and we do not provide legal advice to individuals. Therefore, we cannot be of assistance.

If you have not done so already, you may wish to consult an attorney. In addition, if you believe that a crime has been committed you should contact the Kings County District Attorney's office. You can write to them at the following address:

Kings County District Attorney
Renaissance Plaza
350 Jay Street
Brooklyn, NY 11201-2908`

We hope this information is useful.

Sincerely,

RICHARD JUREWICZ
Associate Director of Correspondence

The Capitol, Albany, N.Y.  12224 ● (518) 474-7330 ● Fax (518) 402-2472 ● http://www.oag.state.ny.us

## EXHIBIT "4"

# VERNON & ASSOCIATES, P.C.

DIRECT DIAL, FAX & E-MAIL
DIRECT DIAL: (718) 206-2411
FACSIMILE: (718) 297-4263

MAILING ADDRESS
90-04-161ST STREET, SUITE 301
JAMAICA, NY 11432

Jasper L. Dockery
#39631-053
United States Penitentiary
P.O. Box 2099
Pollock, LA 71467

Re:  Civil Case in District Court

Dear Mr. Dockery:

I am an attorney at Vernon & Associates.  We are in receipt of your letter dated 12-26-06.  Mr. Vernon has reviewed the situation.

In order for us to proceed any further, you would need to retain our services.  Since you are incarcerated, you may send a family member to our office that can retain our services for you.  The fee to do further research to determine a possible course of action consists of a retainer of $1,000.00.

Thank you for your and attention regarding this matter.

Respectfully yours,

Vernon & Associates, P.C.

By: _____
Joseph Ranieri, Esq.