UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JASPER L. DOCKERY,                  )
                                    )
           Plaintiff,               )
                                    )
           v.                       )    Civil Action No. 08-0806 (PLF)
                                    )
UNITED STATES DEPARTMENT            )
OF TREASURY, Internal Revenue Service, )
                                    )
           Defendant.               )
_____)

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss. The motion will be granted.

## I. BACKGROUND

Plaintiff brought this action against the United States Department of the Treasury, Internal Revenue Service ("IRS"), pursuant to 26 U.S.C. § 7433 ("Section 7433") alleging the unlawful collection of taxes for tax years ending December 31, 1994 and December 31, 2001. *See* Compl. at 1 & Ex. (Notices of Levy dated October 10, 2003 and December 2, 2006).[1] Upon receipt of the Notices of Levy, Chevy Chase Bank FSB issued cashier's checks, dated October 16, 2003 and December 4, 2006, in the amounts of $4,670.26 and $1,952.06 respectively,

---

[1] The Court agrees with defendant that the Department of the Treasury and the IRS are not proper party defendants, and will substitute the United States of America in their place.

deducting the funds from plaintiff's account. *See id.*, Ex. (Cashier's Check Nos. 4166003 and 200041564).

Plaintiff sought "release [of the] levy and return of his money/property" on two grounds. Compl., Ex. (May 19, 2007 letter). First, he argued that "he is tax-exempt from the levy . . . because he is a prisoner held in prison from February 6, 1996 until the current date, therefore, erroneous tax, [sic] on his property not subject to taxation." *Id.*, Ex. (Letter to B.W. Dumars and Mr. Larkin captioned "Release of Levy and Notice of Release") at 2. In other words, he claimed to have had no earned income, wages, or other income subject to taxation, such that "the tax [was] levied without statutory authority." *Id.* Second, plaintiff explained that the only funds in his bank account were the proceeds of the settlement of a claim against the District of Columbia arising from an assault and resulting injuries to his eye and face sustained while incarcerated at the D.C. Jail. *See id.* at 10 & Ex. (May 19, 2007 letter) at 3. As such, plaintiff asserted that he received the funds through settlement of a personal injury action on which he owed no taxes. *See id.* at 10-11; Plaintiff's Motion Opposing Dismissal of Complaint ("Pl.'s Opp'n") at 6. Accordingly, plaintiff described himself as "a prisoner without funds unowed [sic] to satisfy IRS['s] wrongful demand full unowed payment of taxes only ti circumvent its wrongful action." Pl.'s Opp'n at 6.

Plaintiff alleges that the levies violate rights protected by the Fourth and Fifth Amendments to the United States Constitution, *see* Compl. at 12-13 (Counts One and Two), 17 (Count Seven), and constitute acts of negligence, *see id.* at 15-16 (Counts Four and Five), and other torts. *See id.* at 13-15 (Count Three), 16-18 (Counts Six and Eight). He demands compensatory and punitive damages. *Id.* at 18.

2

## II.  DISCUSSION

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent may not be implied; it must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). The statute under which plaintiff brings this action, 26 U.S.C. § 7433, is only a limited waiver of sovereign immunity. *See Buaiz v. United States*, 471 F. Supp. 2d 129, 135 (D.D.C. 2007). In relevant part, Section 7433 provides that:

> If, <u>in connection with any collection of Federal tax</u> with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432 [pertaining to the IRS' failure to release a lien], <u>such civil action shall be the exclusive remedy for recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added).[2] If the government is found liable, a plaintiff may recover "an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the

---

[2] Because Section 7433 is the exclusive remedy for recovering damages arising from the improper collection of taxes by the IRS, the Court dismisses plaintiff's claims under the Federal Tort Claims Act. *See Johnson v. United States Army*, No. No. 3:08-CV-1810-L, 2008 WL 5205881, at *4 (N.D. Tex. Oct. 24, 2008) (Magistrate Report and Recommendation to dismiss FTCA claims against the IRS arising from the collection of taxes); *Knuckles El-Bey v. United States*, No. 1:08CV151, 2008 WL 3500282, at *3 (M.D.N.C. Aug. 11, 2008) (concluding that FTCA bars tort claim against the United States arising from "improper activities in connection with the assessment and collection of taxes"); *see also Ali v. Fed. Bureau of Prisons*, __U.S. __, __, 128 S.Ct. 831, 835 (2008) (recognizing that FTCA does not apply to a claim arising from the assessment or collection of any tax); *Ishler v. Comm'r of Internal Revenue*, 442 F. Supp. 2d 1189, 1207 (N.D. Ala. 2006) (concluding that "waiver of immunity set forth in the [FTCA] does not apply" to a claim arising from the assessment or collection of any tax).

sum of – (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and (2) the costs of the action." 26 U.S.C. § 7433(b).

Because the statute by its plain language provides a remedy only in connection with the collection of a federal tax, "a taxpayer cannot seek damages under [Section] 7433 for an improper <u>assessment</u> of taxes." *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir.) (emphasis added), *cert. denied*, 513 U.S. 1041 (1994); *Buaiz v. United States*, 471 F. Supp. 2d at 135 ("[O]nly actions in connection with the *collection* of taxes are actionable; conduct associated with investigation or assessment of income tax is beyond the statute's waiver of sovereign immunity."); *see Miller v. United States*, 763 F. Supp. 1534, 1543 (N.D. Cal. 1991) (distinguishing assessment activity from collection activity by describing an assessment as "a mere determination of tax liability which must precede any collection action by the IRS"). "[T]o prove a claim for improper collection practices, the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets." *Shaw v. United States*, 20 F.3d at 184. Absent allegations that the IRS engaged in improper collection procedures, even if those procedures followed an improper assessment activity, plaintiff cannot collect damages under Section 7433. *See id.*

Defendant characterizes plaintiff's claims as arising from the "improper *assessment*, not the unauthorized *collection*[,]" of taxes for the tax years in question. Memorandum in Support of Defendants' Motion to Dismiss Complaint at 5 (emphasis in original). The Court concurs. Plaintiff claims that he did not owe income taxes at all, rendering the IRS' collection activities improper. On this theory, he purports to challenge the IRS' levy

4

and collection of taxes from funds in his Chevy Chase Bank account in such a way that his claims fall within the waiver of sovereign immunity afforded under Section 7433.  While it is true that the issuance of a Notice of Levy is a collection activity, *see Bryant v. United States Gov't*, 527 F. Supp. 2d 137, 141 (D.D.C. 2007); *Brewer v. Comm'r of Soc. Sec.*, 430 F. Supp. 2d 1254, 1260 (S.D. Ala. 2006), the issuance of a Notice of Levy "does not transform the taxpayer's complaint into alleging improper collection procedures."  *Brewer v. Comm'r of Soc. Sec.*, 430 F. Supp. 2d  at 1260.

        The Court concludes that plaintiff's claims arise from the IRS' assessment of taxes rather than from the collection of taxes by levy.  These claims, therefore, fall beyond the scope of Section 7433's limited waiver of sovereign immunity, thus depriving this Court of subject matter jurisdiction.  *See Elaison v. United States*, 551 F. Supp. 2d 63, 65 (D.D.C. 2008) (dismissing for lack of subject matter jurisdiction all claims which did not arise from the collection of taxes); *Gunnink v. United States Gov't*, No. 08-781, 2008 WL 3166308, at *5 (D. Minn. Aug. 4, 2008) (dismissing claims "deal[ing] with the IRS's alleged failures in assessing taxes or issues regarding the proof of Plaintiffs' tax liability rather than tax-collection efforts . . . for lack of jurisdiction"); *Springer v. United States*, No. 08-CV-004-GKF-FHM, 2008 WL 4980892, at *1  (N.D. Okla. Nov. 24, 2008) (dismissing claims arising from IRS agents' actions in executing search warrant, including seizure of cash, for lack of subject matter jurisdiction where complaint did not allege that the agents' actions were "in connection with any collection of a Federal tax"); *Buaiz v. United States*, 471 F. Supp. 2d at 136 (dismissing for lack of subject matter jurisdiction all claims based on and related to the IRS's alleged wrongful calculation of tax assessments as falling beyond Section 7433's sovereign immunity waiver); *McCarty v.*

*United States*, No. 01-4942, 2002 WL 31934287, at *4 (D.N.J. Nov. 13, 2002) (dismissing claim arising from IRS's refusal to grant plaintiffs' refund because involved the determination of taxes and not the collection of taxes), *aff'd*, 147 Fed. Appx. 308 (3d Cir. 2005); *see Zolman v. Internal Revenue Serv.*, 87 F. Supp. 2d 763, 765 (W.D. Mich. 1999) (concluding that *pro se* plaintiff's "submissions are completely devoid of any allegation concerning improper collection procedures by the individual defendants," such that he failed to state a claim against the United States under Section 7433).

Plaintiff "concede[s] that this court lacks subject-matter [jurisdiction]" over the remaining constitutional claims, and his claims for infliction of emotional distress, and his claims for punitive damages. Pl.'s Opp'n at 7. Defendant's motion to dismiss will be granted, and this civil action will be dismissed in its entirety. A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 23, 2009